UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FELIX WILBORN,

    Plaintiff,

v.                                                     Case No.  8:20-cv-2330-SPF

KILOLO KIJAKAZI,
Commissioner of the Social
Security Administration,[1]

    Defendant.
_____/

## ORDER

Plaintiff seeks judicial review of the denial of his claim for a period of disability, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI"). As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

    **I.**    **Procedural Background**

Plaintiff filed an application for a period of disability, DIB, and SSI (Tr. 185, 196). The Commissioner denied Plaintiff's claims both initially and upon reconsideration (Tr. 194, 205, 220, 231). Plaintiff then requested an administrative hearing (Tr. 259). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 66–91). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021, and is substituted as Defendant in this suit pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 51–61). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1–7). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

## II. Factual Background and the ALJ's Decision

Plaintiff, who was born in 1969, claimed disability beginning January 1, 2015 (Tr. 196–97).[2] Plaintiff obtained a high school education (Tr. 205). Plaintiff's past relevant work experience included work as a store laborer (Tr. 59). Plaintiff alleged disability due to diabetes, neuropathy, hypertension, back pain, cholesterol, high blood pressure, stomach problems, and hemorrhoids (Tr. 212).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through December 31, 2018 and had not engaged in substantial gainful activity since December 22, 2016, the day after a previous ALJ issued an unfavorable decision (Tr. 54). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: diabetes mellitus, neuropathy, lumbar radiculopathy, and obesity (Tr. 54). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 55). The ALJ then concluded that

---

[2] The ALJ noted that Plaintiff was found not disabled by a prior ALJ decision dated December 21, 2016. As a result, the ALJ recognized that res judicata applied to the issue of disability through that date. Accordingly, the ALJ found that the only relevant period was from December 22, 2016 through the date of the ALJ's decision (Tr. 51).

2

Plaintiff retained a residual functional capacity ("RFC") to perform light work (Tr. 55). Specifically, the ALJ stated:

> [T]he claimant has the residual functional capacity to perform light work. He can lift and carry 20 pounds occasionally and 10 pounds frequently. He can sit for a period of 6 hours, stand for a period of 6 hours, and walk for a period of 6 hours. He can push/pull as much as can lift/carry. He can frequently climb ramps and stairs, but only occasionally climb ladders, ropes, or scaffolds. He can frequently balance, stoop, kneel, crouch, and crawl. He can have frequent exposure to unprotected heights, moving mechanical parts, extreme cold, extreme heat, and vibration.

(Tr. 55). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 56).

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), however, the ALJ determined Plaintiff could not perform his past relevant work (Tr. 59). Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a garment bagger, bakery worker – conveyer, and folder – laundry department (Tr. 60). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 60).

### III. Legal Standard

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R.

§§ 404.1520(a), 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g), 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

**IV.  Analysis**

Plaintiff advances one argument: the ALJ erred by failing to adopt or consider the RFC findings from a previous ALJ's decision dated December 21, 2016 (*See* Doc. 24-1). For the reasons that follow, the ALJ applied the correct legal standards, and the ALJ's decision is supported by substantial evidence.

Plaintiff argues that the doctrine of administrative res judicata precludes the ALJ's determination that Plaintiff is not disabled.  Specifically, Plaintiff argues that, because he had a previous application for disability benefits that resulted in the ALJ finding that Plaintiff was limited to a less than full range of sedentary work, the ALJ in this case could not find Plaintiff capable of performing light work (Doc. 24 at 5).  In response, the Commissioner argues that res judicata does not apply because the prior decision adjudicated a different time period, from December 9, 2013 through December 21, 2016 (*Id.* at 6–7).  For the reasons explained below, the Court agrees with the Commissioner.

"Administrative res judicata applies when an agency has made a previous determination or decision … about [a claimant's] rights on the same facts and on the same issue or issues, and [that] previous determination or decision has become final by either administrative or judicial action."  *Torres v. Comm'r of Soc. Sec.*, 819 F. App'x 886, 888 (11th Cir. 2020) (citations and quotations omitted) (alterations in original).  Accordingly, the question before this Court is whether the previous determination that Plaintiff was limited to a reduced range of sedentary work is the "same fact" and "same issue" that was before the ALJ in Plaintiff's disability claim for a different and later time period.  *See id.*

6

While the Eleventh Circuit has not addressed this issue in a published opinion, there are numerous unpublished decisions holding that administrative res judicata does not apply where a previous disability determination adjudicated a different time period. *See, e.g.*, *Torres*, 819 F. App'x at 888 ("Any earlier proceeding that found or rejected the onset of disability could rarely, if ever, have actually litigated and resolved whether a person was disabled at some later date.") (quotations and citations omitted); *Griffin v. Comm'r of Soc. Sec.*, 560 F. App'x 837, 844 (11th Cir. 2014) ("The proceeding at issue here did not address this time period, and the prior decision did not finally adjudicate any issues or facts that were raised in this proceeding. Under such circumstances, administrative res judicata does not apply."); *Luckey v. Astrue*, 331 F. App'x 634, 638 (11th Cir. 2009) ("Because the factual time period for [the claimant]'s current application is different from her previous application, administrative res judicata does not apply.") (alterations in original); *see also Diaz v. Comm'r of Soc. Sec.*, No. 8:18-cv-2320-T-JSS, 2020 WL 614643, at *3 (M.D. Fla. Feb. 10, 2020) (collecting cases).³

Plaintiff cites to various decisions from outside the Eleventh Circuit in which courts have held that ALJs are bound by the RFC determinations of previous ALJs. In essence, Plaintiff relies on these cases to posit that there must be evidence of improvement in Plaintiff's condition for the subsequent ALJ to find Plaintiff capable of performing work at a higher exertional level than the previous ALJ. *See, e.g.*, *Lively v. Sec'y of Health &*

---

³ Indeed, had this case involved the same issues and same facts as the previous application, the ALJ would have been permitted to dismiss Plaintiff's second request for relief on the basis of administrative res judicata. 20 C.F.R. § 404.957(c)(1); *see also Holland v. Heckler*, 764 F.2d 1560, 1562 (11th Cir. 1985).

7

*Human Servs.*, 820 F.2d 1391, 1392 (4th Cir. 1987) (stating that "principles of finality and fundamental fairness . . . indicate that the Secretary must shoulder the burden of demonstrating that the claimant's condition had improved sufficiently to indicate that the claimant was capable of performing medium work" where decision issued two weeks before claimant became fifty-five found claimant limited to light work); *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 842 (6th Cir. 1997) ("Absent evidence of an improvement in a claimant's condition, a subsequent ALJ is bound by the findings of a previous ALJ.").

After these decisions were issued, however, the SSA issued various Acquiescence Rulings ("AR") clarifying SSA policy with respect to this issue. *See, e.g.*, AR 98-4(6), 63 Fed. Reg. 29,771,29,773 (June 1, 1998) ("Thus, when adjudicating a subsequent disability claim involving an unadjudicated period, SSA considers the facts and issues *de novo* in determining disability with respect to the unadjudicated period."); AR 97-4(9), 62 Fed. Reg. 64,038,64,039 (Dec. 3, 1997) ("[W]hen adjudicating a subsequent disability claim involving an unadjudicated period, SSA considers the facts and issues *de novo* in determining disability with respect to the unadjudicated period. **SSA does not adopt findings from the final determination or decision on the prior disability claim in determining whether the claimant is disabled with respect to the unadjudicated period**.") (emphasis added); *see also Randolph v. Astrue*, 291 F. App'x 979, 981 (11th Cir. 2008) (quoting AR 97-4(9)).

Moreover, albeit in unpublished decisions, the Eleventh Circuit has consistently held that collateral estoppel principles do not require the ALJ to find improvement from

a claimant's previous condition. *See, e.g.*, *McKinzie v. Comm'r of Soc. Sec.*, 362 F. App'x 71, 73 (11th Cir. 2010) ("Because McKinzie's instant application concerned an unadjudicated time period, the ALJ did not err in declining to give preclusive effect or defer to a prior finding that McKinzie could not use her arms or hands repetitively."). The Eleventh Circuit's decision in *Griffin v. Commissioner of Social Security*, 560 F. App'x 837 (11th Cir. 2014) is instructive. In *Griffin*, the claimant had previously filed an application for disability that was denied, with the ALJ finding that the claimant had the RFC to perform a significant range of sedentary work. 560 F. App'x at 840. In his subsequent application for disability, the ALJ found that the claimant could perform a full range of light work. *Id.* On appeal, the claimant contended that administrative res judicata required the ALJ to give preclusive effect to his previous RFC assessment. *Id.* at 844. The Eleventh Circuit rejected this argument, stating that because the proceedings addressed different time periods, the prior decision did not finally adjudicate any issues or facts that were raised in the subsequent proceedings. *Id.*

Finally, Plaintiff argues—without citing any authority—that even if the ALJ is not required to adopt the RFC findings from a prior decision, the ALJ must at least consider those findings and explain why his or her findings differ. Courts in the Eleventh Circuit have rejected this argument as well. *See McKinzie*, 362 F. App'x at 73 (rejecting argument that ALJ should defer to previous ALJ's determination that Plaintiff could not use her arms repeatedly); *Diaz*, 2020 WL 614643, at *4 ("Because the ALJ's disability determination in the instant case was based on an unadjudicated period of time, the ALJ was not bound by res judicata principles and did not err in failing to consider the findings

9

of the prior ALJ decision or in failing to defer to the previous RFC findings."); *see also* AR 97-4(9) (stating that the SSA considers facts and issues *de novo* in subsequent disability applications).

Considering that the ALJ was not bound in any way by the determinations of the previous ALJ—or even required to consider the findings of the prior ALJ—Plaintiff has failed to show that the ALJ erred. The decision of the Commissioner is due to be affirmed.

### V.    Conclusion

Accordingly, after consideration, it is hereby

ORDERED:

1. The decision of the Commissioner is affirmed.

2. The Clerk is directed to enter final judgment in favor of the Commissioner and close the case.

**ORDERED** in Tampa, Florida, on this 23rd day of August 2022.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE